UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAR 03 2010
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Michael London, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-15 (UNA) |
| ) | |
| The United States et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

As the plaintiff has now submitted his inmate account statement as required by 28 U.S.C. § 1915, this matter is before the Court on consideration of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application, and dismiss the complaint for lack of subject matter jurisdiction.

It appears from the face of the complaint that the plaintiff is a Georgia prisoner currently incarcerated in a Georgia state prison in Reidsville, Georgia. Liberally interpreted, the complaint asserts claims or facts supporting claims for the common law torts of false imprisonment and conspiracy to murder. Compl. at 1-2. The plaintiff seeks millions in damages and injunctive relief, including release. *Id.* at 3-4. Although the United States is named as a defendant in the caption, the complaint does not allege any wrongdoing by the United States.

Unlike state courts of general jurisdiction, federal district courts have limited jurisdiction. A federal district court has jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. The allegations in the complaint, however, do not appear to invoke federal law. To the extent that the plaintiff relies on the United States Criminal Code, *see* "Supplemental Response Compl." at 3, his reliance is misguided. Only

federal prosecutors, and not private citizens, can bring actions under the United States Criminal Code. Thus, the Court is unable to discern a basis for jurisdiction under § 1331.

A federal district court also has jurisdiction over civil actions in matters where the controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a). But here it appears that both plaintiff and defendants — at least defendants against which there is even the barest suggestion of any wrongdoing — are citizens of the state of Georgia. Therefore, there appears to be no federal court jurisdiction under § 1332(a).

To the extent that plaintiff seeks release, any habeas petition should be directed to the warden of his institution, not to the United States or any federal official.

Accordingly, the Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Date: 2/27/10

/Henry Kennedy, Jr./
United States District Judge